UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JUAN BARRON,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>   Defendant. | No. ED CV 08-317-PLA<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on March 14, 2008, seeking review of the Commissioner's denial of his applications for Supplemental Security Income payments and Disability Insurance Benefits. The parties filed Consents to proceed before the undersigned Magistrate Judge on April 4, 2008. Pursuant to the Court's Order, the parties filed a Joint Stipulation on January 7, 2009, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## **BACKGROUND**

Plaintiff was born on October 14, 1956. [Administrative Record ("AR") at 57.] He has a high school education and one year of college [AR at 82, 163], and has past relevant work experience as a security guard. [AR at 72, 79-80, 84-86, 92-93, 163-64.]

On January 28, 2005, plaintiff protectively filed his applications for Disability Insurance Benefits and Supplemental Security Income payments, alleging that he has been disabled since January 1, 1993, due to lower back pain. [AR at 57-59, 68, 79, 138-41.] After his applications were denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 40.] A hearing was held on September 20, 2007, at which time plaintiff appeared with counsel and testified on his own behalf. [AR at 159-76.] A vocational expert also testified. [AR at 174.] On November 30, 2007, the ALJ determined that plaintiff was not disabled. [AR at 11-17.] Plaintiff requested review of the hearing decision. [AR at 7.] When the Appeals Council denied plaintiff's request for review on February 11, 2008, the ALJ's decision became the final decision of the Commissioner. [AR at 4-6.] This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th

Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform

1  past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie
2  case of disability is established. The Commissioner then bears the burden of establishing that
3  the claimant is not disabled, because he can perform other substantial gainful work available in
4  the national economy. The determination of this issue comprises the fifth and final step in the
5  sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966
6  F.2d at 1257.

### B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since the alleged onset date of the disability.[1] [AR at 13.] At step two, the ALJ concluded that plaintiff has the "severe" impairments of lumbar degenerative disc disease and obesity. [Id.] At step three, the ALJ determined that plaintiff's impairments do not meet or equal any of the impairments in the Listing. [AR at 14.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[2] to perform the full range of medium work.[3] [AR at 14.] At step four, the ALJ concluded that plaintiff was capable of performing his past relevant work as a security guard. [AR at 17.] Accordingly, the ALJ determined that plaintiff is not disabled, and did not proceed to step five of the sequential analysis. [AR at 17.]

/
/
/
/
/

---

[1] The ALJ also determined that plaintiff met the insured status requirements of the Social Security Act through December 31, 1996. [AR at 13.]

[2] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3] Medium work is defined as work involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

# V.

# THE ALJ'S DECISION

Plaintiff contends that the ALJ: (1) did not properly consider the treating physician's opinion concerning plaintiff's herniated disc; (2) did not fully develop the record concerning various issues; and (3) did not properly consider the actual physical and mental demands of plaintiff's past relevant work. Joint Stipulation ("Joint Stip.") at 3. As set forth below, the Court agrees with plaintiff, in part, and remands this action for further proceedings.

**TREATING PHYSICIAN'S OPINION/FAILURE TO DEVELOP RECORD**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of treating physician Dr. Gay Rudek. Joint Stip. at 3-4. Specifically, plaintiff asserts that the ALJ did not discuss or even mention Dr. Rudek's opinion in the decision. Id.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). See 20 C.F.R. §§ 404.1502, 416.927; see also Lester, 81 F.3d at 830. As a general rule, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. See Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)). Although the treating physician's opinion is entitled to great deference, it is not necessarily conclusive as to the question of disability. See Magallanes, 881 F.2d at 751 (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989)).

"'The administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so.'" Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (quoting Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984)); see also Lester, 81 F.3d at 830. Where the treating physician's opinion on disability is controverted,

it can be rejected only with specific and legitimate reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 830; see also 20 C.F.R. §§ 404.1527(d), 416.927(d) (requiring that Social Security Administration "always give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion"); Social Security Ruling[4] 96-2p ("the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

Dr. Rudek examined plaintiff in January, 2006, and observed that he had an antalgic gait and exhibited difficulty moving. She noted the results of a CT scan of plaintiff's back from December, 2005, which revealed some disc bulging, degeneration and spurring. [AR at 134-35.] Dr. Rudek again examined plaintiff on July 3, 2007. She noted that plaintiff had been seen in the Spine Clinic on approximately 5 to 10 occasions during the previous year, and was diagnosed with a herniated disc. Dr. Rudek again observed that plaintiff had an antalgic gait. [AR at 130.]

In the decision, the ALJ did not specifically refer to Dr. Rudek by name, or mention the diagnosis of a herniated disc. Instead, he referred by page numbers to Dr. Rudek's January, 2006, and July, 2007, examinations, and noted the observations of antalgic gait. The ALJ also indicated that the "progress notes are very brief and it is impossible to determine the scope of the examination." [AR at 16.] In addition, the ALJ described the findings of the CT scan of plaintiff's lumbar spine (the same CT scan noted by Dr. Rudek in January, 2006), and an MRI that showed marked disc desiccation at L4-L5 with mild height loss, and a mild bulge of that disc without causing significant compression of the nerve roots or thecal sac. [AR at 13, 131, 135.] He then described the consultative examination performed by Dr. Rocely Ella-Tamayo in August, 2005,

---

[4] Social Security Rulings ("SSR") do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

which the ALJ referred to as the only "comprehensive examination" of plaintiff in the record.[5] [AR at 16, 110-14.]

The ALJ failed to provide specific and legitimate reasons for rejecting the diagnosis set forth in Dr. Rudek's report that plaintiff suffers from a herniated disc, or her observations concerning plaintiff's movement and gait. He afforded "more weight" to the opinion of Dr. Ella-Tamayo that plaintiff had no significant functional limitations, and concluded that "there are no medical opinions from [plaintiff's] treating sources regarding his functioning due to his impairments." [AR at 16.] But this conclusion fails to account for Dr. Rudek's observations, on more than one occasion, that plaintiff moves with difficulty and walks in such a way so as to avoid pain.[6] Nor does it account for the fact that the CT scan and MRI were both conducted **after** Dr. Ella-Tamayo's examination (who apparently had no radiological examinations to review [AR at 110]), but were available to Dr. Rudek. Further, it fails to account for the assertion that plaintiff visited a Spine Clinic on numerous occasions during 2006, and does not clarify the basis for the apparent rejection by the ALJ of the diagnosis of a herniated disc.[7]

The failure to specifically address and reject the diagnosis and observations of Dr. Rudek, when combined with the lack of any notes from the Spine Clinic (which should exist if in fact plaintiff had numerous visits there in 2006), warrants remand. Indeed, the noted ambiguities concerning the notation regarding the Spine Clinic should have triggered the ALJ's duty to seek

---

[5] Dr. Ella-Tamayo concluded, among other things, that plaintiff's gait was normal, there was no tenderness or spasm in his back, and the range of motion for his back was normal. She opined that "there was no significant functional impairment." [AR at 16.]

[6] Indeed, plaintiff's difficulty moving and walking may impact on his ability to perform medium work, which requires, among other things, the ability to carry. "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. . . . In most medium jobs, being on one's feet for most of the workday is critical." SSR 83-10.

[7] It is unclear from the record whether the Spine Clinic is part of the same facility with which Dr. Rudek is associated, and she would thus be familiar with its evaluations; or if Dr. Rudek in fact had records from the Spine Clinic when examining plaintiff in July, 2007, and was noting the diagnosis of herniated disc contained therein; or if plaintiff merely asserted that he was seen at that clinic during the prior year and was diagnosed with a herniated disc. In any event, as discussed below, this ambiguity should be resolved on remand.

further development of the record. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'") (quoting Smolen, 80 F.3d at 1288). If evidence from the medical source is inadequate to determine if the claimant is disabled, an ALJ is required to recontact the medical source, including a treating physician, to determine if additional needed information is readily available. See 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."). As a general rule, the record will be considered "inadequate" or "ambiguous" when a treating source has provided a medical opinion that is not supported by the evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination.") (citation omitted); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001). Here, the record was not sufficiently developed to permit the ALJ to properly discount the opinion of plaintiff's treating physician concerning the existence of a herniated disc.[8] For instance, in light of the ALJ's apparent rejection of this observation by Dr. Rudek, it would have required little effort on his part to recontact the treating physician to determine the basis of the Spine Clinic's diagnosis, or to contact the Spine Clinic directly. Further, while the ALJ remarked that it was "impossible to determine" the scope of Dr. Rudek's examination which resulted in her conclusions that plaintiff had difficulty moving, walked with an antalgic gait, and was diagnosed with a herniated disc, such a determination may have been rendered quite possible if Dr. Rudek had simply been recontacted and queried about the

---

[8] For the reasons set forth by defendant in the Joint Stipulation, the Court rejects plaintiff's further argument that the ALJ failed to develop the record concerning an evaluation of plaintiff from August, 2005. Joint Stip. at 9-11.

scope of the examination. The ALJ should do so on remand in order to resolve any inadequacies and fully develop the record. See 20 C.F.R. §§ 404.1519a(b)(4), 416.919a(b)(4) (where the medical evidence contains "[a] conflict, inconsistency, ambiguity, or insufficiency," the ALJ should resolve the inconsistency by recontacting the medical source).

## VI.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate to further consider the diagnosis and observations of Dr. Rudek and to develop the record concerning the Spine Clinic. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.[9]

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

DATED: May 20, 2009

/s/ Paul L. Abrams
_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[9] As the ALJ's consideration on remand of the treating physician's diagnosis and further development of the record may impact on plaintiff's ability to perform his past work, the Court will exercise its discretion not to address that issue at this time.